IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0235-21** |
| | GPD Report No. 21-11482 |
| v. | |
| | **DECISION AND ORDER** |
| **CHRISTOPHER JAMES ROSARIO TEDTAOTAO** | **GRANTING** |
| (*aka* **CHRISTOPHER JAMES TEDTAOTAO**), | **REVOCATION OF PROBATION** |
| DOB: 08/15/1976 | |
| | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on November 7, 2023 for a Revocation Hearing in the above-captioned matter related to Christopher James Rosario Tedtaotao's (*aka* Christopher James Tedtaotao's) ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Alternate Public Defender Pete Santos. The People of Guam were represented by Assistant Attorney General Sean Brown. Having duly considered the Parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order Granting Revocation of Probation.

## BACKGROUND

On September 2, 2021, Defendant pled guilty to Aggravated Assault (as a 3rd Degree Felony). See Judgment of Conviction (Sep. 14, 2021). A judgment was entered imposing the following relevant conditions of probation:

- **COUNSELING/TREATMENT:** Defendant shall report to Client Services and Family Counseling (CSFC) with the Superior Court of Guam for intake and assessment. Defendant shall follow all treatment recommendations

including psychological evaluation, psychiatric evaluation, drug and alcohol evaluation, and individual, group, and family counseling.

- **FINE:** Defendant shall pay a fine of two thousand dollars ($2,000.00) plus court costs of eighty dollars ($80.00).

- **COMMUNITY SERVICE:** Defendant shall perform seventy-five (75) hours of community service.

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office once a month in person, or as ordered by the Court or the Probation Office.

- **LAWS:** Defendant shall obey all federal and local laws of Guam.

- **MANDATORY TESTING:** Defendant shall submit to random alcohol and drug testing under the supervision of the Adult Probation Office.

Id.

Defendant received his First Violation Report on November 16, 2021. That report made known that Defendant had missed several scheduled appointments with CSFC and that he made no progress in paying off his fine/court costs or working off his community service. See First Violation Report (Nov. 16, 2021).

A Second Violation Report was filed on November 9, 2022. That report made known that Defendant hadn't been reporting to the Adult Probation Office as required. See Second Violation Report (Nov. 9, 2022). In fact, Defendant hadn't reported to the Adult Probation Office in over eight (8) months. Id.

A Third Violation Report was filed on February 8, 2023. That report made known that Defendant had been arrested and charged with Theft of Property (as a 3rd Degree Felony), Criminal Trespass (as a Misdemeanor), and Theft of Property (as a Petty Misdemeanor) in CF0090-23. See Third Violation Report (Feb. 8, 2023). It was also reported that Defendant failed

to submit to a drug test scheduled by the Adult Probation Office and that he still wasn't attending his CSFC classes. Id.

On September 22, 2023, the People filed their Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion"). The People base their request on Defendant's repeated failures to obey the terms of his probation. See Motion at 5-6 (Sep. 22, 2023). Opposing the Motion, Defendant claims he will comply with his probation conditions if given another opportunity. See Opposition at 2 (Sep. 22, 2023).

On November 7, 2023, the Court held a Revocation Hearing and subsequently took the matter under advisement. See Minute Entry (Nov. 7, 2023).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary

to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a) (1980). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant violated his probation conditions and that there was probable cause to support the violations. Defendant received several Violation Reports describing how he violated a half-dozen terms of his probation. See First Violation Report (Nov. 16, 2021), Second Violation Report (Nov. 9, 2022), Third Violation Report (Feb. 8, 2023). These violations include failing to follow his CSFC treatment plan, failing to report to the Adult Probation Office, failing to submit to random drug testing, and failing to pay off his fines or work off his community service hours. Id.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by violating his probationary conditions. Defendant has shown a continuous and ongoing disregard towards following his probationary conditions, having continuously violated many of these conditions over a multi-year period.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to **three (3) years incarceration** at the Department of Corrections, Mangilao with credit for time served. This period of incarceration shall run consecutive to any other period of incarceration Defendant may serve. After the completion of the Defendant's sentence the Court shall close the above-captioned case.

**IT IS SO ORDERED** this _____ November 9,2023

**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**